IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Hommer T. Mills, | ) | |
| | ) | Civil Action No. 1:16-2999-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Hommer T. Mills ("Mills") brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB").[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 25).[2] In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Mills has filed objections to the Report (ECF No. 28), and the Commissioner has responded to those objections (ECF No. 32). Accordingly, this matter is now ripe for review.

---

[1]Nancy A. Berryhill is currently the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. BACKGROUND

On December 8, 2005, Mills applied for DIB, alleging disability beginning on June 5, 2004. Mills' application was denied initially and on reconsideration. On September 3, 2008, Mills amended his disability onset date to December 31, 2007, his fiftieth birthday.[3] On September 12, 2008, an Administrative Law Judge ("ALJ") heard testimony from Mills and a vocational expert ("VE"). On October 8, 2008, the ALJ denied Mills' claim for DIB. On August 6, 2010, the Appeals Council remanded the action after concluding that the ALJ erred in assessing Mills' credibility and in failing to consider the opinion of podiatrist Dr. Charles J. Gudas who opined that Mills was limited to a restricted range of sedentary work.

On June 30, 2011, the ALJ held a second hearing and heard testimony from Mills and a VE. On July 13, 2011, the ALJ issued a decision again denying Mills' claim. The Appeals Council denied Mills' request for review. Thereafter, Mills brought an action in this court seeking review. On August 12, 2014, the magistrate judge reversed the ALJ's decision and remanded the case for further administrative review.[4] In part, the magistrate judge concluded that the ALJ should have accorded greater weight to the opinion of Dr. Gudas. In accordance with the court's order, on September 22, 2014, the Appeals Council remanded the case to an ALJ. On January 8, 2015, the ALJ held a hearing and heard testimony from Mills and a VE, and on April 9, 2015, the ALJ issued a decision denying Mills' claim.

In his decision issued April 9, 2015, the ALJ found that Mills suffered from the following severe impairments: degenerative disc disease, status post lumbar surgery and left wrist fracture, and

---

[3] A finding of disabled is directed for a claimant who is closely approaching advanced age (age 50-54), is a high school graduate or more, has previous skilled or semi-skilled work experience with no transferable skills, and has the residual functional capacity to perform a full range of sedentary work. 20 C .F.R. pt. 404, subpt. P, app. 2 § 201.14.

[4] In that action, the parties consented to a magistrate judge's disposition of the appeal.

leg length discrepancy. The ALJ determined that Mills was unable to perform any past relevant work. The ALJ determined Mills had the residual functional capacity ("RFC") to perform less than the full range of light work. The ALJ concluded that Mills, despite these limitations, could perform jobs that exist in significant numbers in the national economy. Accordingly, the ALJ determined that Mills was not disabled under the Act at any time from December 31, 2007, the amended alleged onset date, through December 31, 2009, the date last insured ("DLI"). Mills sought review of his case by the Appeals Council. On July 11, 2016, the Appeals Council denied Mills' request for review. Thereafter, on September 1, 2016, Mills brought this action seeking judicial review of the ALJ's decision.

## II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the

whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. DISCUSSION

In her Report, the magistrate judge recommends that the court affirm the ALJ's denial of DIB. Mills contends that the ALJ's decision should be reversed and this action be remanded based on the following grounds: 1) the ALJ failed to fully comply with the court's prior order in evaluating medical opinions from Drs. Gudas and Barry Weissglass; 2) the ALJ failed to comply with the court's prior order in assessing Mills' credibility; and 3) the ALJ did not meet the Commissioner's burden at step five to prove that other jobs existed that Mills could perform.

In his objections, Mills states that he wants "the [c]ourt to enforce its own remand order." (ECF No. 28 at 1). He contends that the ALJ disregarded the prior remand order. *Id.* In particular, Mills takes issue with the ALJ giving little weight to Dr. Gudas' opinions despite the previous remand order in which the magistrate judge stated that the ALJ should have accorded Dr. Gudas' opinion greater weight. *Id.* at 2.

Dr. Gudas, a podiatrist, examined Mills in June 2006, and wrote a letter on July 26, 2007, describing Mills' limitations. (ECF No. 9-9 at 79. 80-81). Dr. Gudas noted that Mills had a leg length discrepancy where one leg was longer than the other and this, along with his back injury, affected Mills' ability to bend, squat, stand, walk, and lift light weights. *Id.* He also completed an activity restrictions checklist on September 25, 2007. (ECF No.9-9 at 77-78). In the prior remand order, the magistrate judge determined that the ALJ had erred by according little weight to the opinions of Dr. Gudas and some weight to Dr. Barry Weissglass. (ECF No. 10-3 at 66-67). The magistrate judge found that these opinions were supported by other evidence in the record. In her remand order, the magistrate judge stated:

> that the ALJ should have accorded greater weight to the opinions of Drs. Gudas and Weissglass based on the criteria set forth for evaluating opinion evidence. The undersigned is not suggesting that Drs. Gudas's and Weissglass's opinions are entitled to controlling weight, but is instead indicating that the ALJ should have considered the uncontroverted elements of their opinions apart from the features that conflicted with other evidence in the record. The ALJ should have also considered their uncontroverted objective findings apart from their opinions.
>
> The undersigned also finds that the ALJ erroneously substituted his opinion for those of the examining doctors. Where, as here, the ALJ disagrees with the findings of an examining physician, he must develop the record to support his conclusion. The reports from Dr. Gudas's examination and Dr. Weissglass's first examination were in the record prior to the September 12, 2008, hearing. The ALJ could have easily referred Plaintiff for a consultative examination before or after that hearing in order to obtain objective evidence to either support or refute the findings of Drs. Gudas and Weissglass. Because the ALJ failed to avail himself of the opportunity to further develop the record, Drs. Gudas's and Weissglass's objective findings must be treated as uncontroverted evidence.

(ECF No. 10-3 at 66). The magistrate judge also found the ALJ's credibility determination was flawed because the ALJ improperly considered the infrequency of Mills' medical treatment without first seeking an explanation from Mills. *Id.* at at 72-73. The magistrate concluded that "[u]pon remand, the ALJ should question [Mills] and obtain additional evidence, if necessary, in order to determine [Mills'] reasons for failing to seek or pursue regular medical treatment and should make a new credibility determination." *Id.* at 74.

Upon remand, in his decision, the ALJ acknowledged that Dr. Gudas was an examining physician, but he gave Dr. Gudas' opinions little weight because the opinions were not rendered contemporaneously to Dr. Gudas' examinations of Mills. (ECF No. 10-1 at 31). The ALJ also determined that there was no objective evidence from July to August 2007 to support Dr. Gudas' opinion. *Id.* at 34. Moreover, the ALJ noted that Dr. Gudas was a podiatrist and his opinions were of limited relevance outside of that area of expertise. *Id.*

Dr. Weissglass performed two occupational evaluations on Mills on October 30, 2007, and March 10, 2009. The ALJ gave some weight to Dr. Weissglass' opinion that Mills should avoid

bending and twisting, and sitting or driving for more than 25-30 minutes at a time; could not lift more than 20 pounds except occasionally; and should avoid repetitive, heavy use of the left hand. (ECF No. 10-1 at 35). The ALJ also determined that Mills' failure to seek significant medical treatment for his left hand pain rendered Dr. Weissglass' hand restrictions less persuasive. *Id.* at 31. The ALJ found that, except for Dr. Weissglass' restrictions as to bending and twisting, the remaining opinions were consistent with the evidence of the record and entitled to some weight in limiting Mills to a reduced range of light work in a low stress setting. *Id.* at 35. However, the ALJ gave little weight to Dr. Weissglass' opinion that Mills was permanently and totally disabled due to back pain, left wrist pain, and depression, as this issue is one reserved for the Commissioner. *Id.* The ALJ also gave little weight to Dr. Weissglass' remaining opinions because the ALJ determined that these opinions were not supported by Dr. Weissglass' examination notes or the record. *Id.* at 36. In assessing Dr. Weissglass' opinions, the ALJ also noted several times that Mills failed to seek significant medical treatment during the relevant period. *Id.* at 29-31.

Mills argues the ALJ erred and did not follow the court's prior remand order to consider Dr. Gudas' uncontroverted objective findings and to accord greater weight to Dr. Gudas' opinions. In response, the magistrate judge stated:

> The undersigned has considered [Mills'] interpretation of the court's prior order that the ALJ could not reject the uncontroverted findings of Drs. Gudas and Weissglass without further developing the record, but finds the argument irrelevant because the ALJ did not reject the examining physicians' observations. The prior order indicated ALJ Vogel was not permitted to disregard Drs. Gudas's and Weissglass's objective findings where he held a hearing during the relevant period and 'failed to avail himself of the opportunity to further develop the record' through a consultative examination either before or after that hearing that might have yielded evidence in contrast to their objective findings. Because the case was remanded to this ALJ nearly five years after [Mills'] DLI, he lacked the ability to develop the record in any meaningful way by referring [Mills] for a consultative examination.

(Report at 41 n.6).

First, the court notes that the prior hearing was held in 2011, which was not during the relevant period of the alleged disability onset to the DLI (December 31, 2007, to December 31, 2009). Moreover, in her remand order, the magistrate judge admonished the prior ALJ for failing to develop the record when the doctors' opinions were in the record prior to the first hearing back in 2008. She stated that the ALJ erred by failing to avail himself of the opportunity to further develop the record and "[because the ALJ failed to avail himself of the opportunity to further develop the record, Drs. Gudas's and Weissglass's objective findings must be treated as uncontroverted." (ECF No. at 35). On remand, the ALJ did not further develop the record nor did he treat the objective findings of Drs. Gudas and Weissglass as uncontroverted. However, the magistrate judge now states that the ALJ did not err in rejecting these opinions without developing the record because the ALJ lacked the ability to meaningfully develop the record as the case was remanded five years after Mills' DLI. To this court, that view renders the prior remand on the issue a nullity and penalizes the claimant for the Commissioner's mistakes, which have allowed this action to languish in the system for entirely too long. Second, in contravention of the remand order, the ALJ did not accord greater weight to Dr. Gudas' opinion; he gave Dr. Gudas' opinion little weight, just as the prior ALJ had. The magistrate judge rationalizes this by stating that the second ALJ provided an adequate explanation for the weight he accorded Dr. Gudas' opinion. (ECF No. 25 at 41). However, the prior remand order was unequivocal and stated that the Dr. Gudas' opinion should have been accorded more weight. The court disagrees with the magistrate judge's recommendation on this issue and finds the ALJ erred.

Mills also contends the ALJ erred in his credibility analysis. The court agrees. On remand, at the hearing, Mills testified he did not have insurance and was unable to afford medical treatments in response to his attorney's questions as to why he had not sought more medical treatment since

7

the last hearing, which was in 2011. (ECF No. 10-1 at 56-57).

The Fourth Circuit has found that a "claimant may not be penalized for failing to seek treatment he cannot afford because '[i]t flies in the face of the patent purpose of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)). While an

> individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure [,] . . . the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . .

SSR 96-7p, 1996 WL 374186, at *7. Here, the ALJ heard testimony elicited by Mills' attorney that Mills was unable to seek medical treatment since June 2011 due to a lack of insurance. (ECF No. 10-1 at 56-57). The ALJ stated that he considered this testimony and found it credible. However, he then noted that Mills did not seek emergency medical treatment and, on the two occasions Mills sought treatment during the relevant time period, he did not complain of significant pain which the ALJ determined suggested Mills' pain was generally more tolerable than he conveyed. (ECF No. 10-1 at 32). First, the court notes that the ALJ incorrectly states that Mills' testimony was in regard to the "period in question" - which the ALJ found to be the onset date through the DLI or December 31, 2007, through December 31, 2009. However, Mills' attorney specifically questioned Mills about why he had not sought medical treatment since the last hearing in June 2011.

As noted above, the inability to afford treatment may be considered a good reason for the failure to seek treatment or non-compliance with prescribed treatment. However, despite this action being remanded in part for the ALJ to question Mills about his lack of treatment and to obtain

8

additional evidence, if necessary, the ALJ did not inquire into Mills' reasoning or obtain any additional evidence during the relevant period. Instead, the only testimony elicited was in reference to the time since the last hearing in June 2011. The ALJ failed to inquire as to whether Mills could afford treatment during the period in question. Moreover, even assuming this was not error, the ALJ improperly discounted Mills' testimony based upon his failure to pursue emergency medical treatment despite finding Mills credible and without a sufficient explanation for doing so. (ECF No. 10-1 at 32). The record should have been further developed to clarify the available medical resources in light of Mills' financial circumstances during the relevant time period.

In summary, the court finds that the ALJ erred, and his decision that Mills is not disabled is not based on substantial evidence. The Commissioner has failed to carry her burden of proving Mills' capacity to perform work. Since this burden has not been met, the question now becomes whether this court should reverse for another hearing or reverse and remand for the calculation of benefits.

The decision of whether to reverse and remand for the calculation of benefits or reverse and remand for a new hearing, is one which lies within the sound discretion of the court. *See Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir.1984). Whether to remand for additional proceedings or for an award of benefits is generally approached on a practical level. *Smith v. Astrue*, No. 3:10-66, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) (citing *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987)). An award of benefits is appropriate when substantial evidence on the record as a whole indicates that the claimant is disabled, and the weight of the evidence indicates that a remand would only delay the receipt of benefits while serving no useful purpose, or a substantial amount of time has already been consumed. *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir. 1982). Also, a reversal and remand to

award benefits has been held to be appropriate when the Commissioner has had an opportunity to develop the record on an outcome-determinative issue and has failed to produce substantial evidence. *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983). *See also Breeden v. Weinberger*, 493 F.2d 1002, 1011-12 (4th Cir. 1974) (reversing for an award of benefits where the case was old, the record had no need to be reopened, and the case had already been on appeal once before).

This case involves a claim that has been pending for a prolonged period of time and that has been previously remanded twice for errors relating to the treatment of Dr. Gudas' opinions and the credibility analysis. In this case, Mills originally applied for DIB on December 8, 2005, with a subsequently amended alleged onset date of December 31, 2007, and the action has yet to reach a final resolution. While delay alone is not a sufficient ground under the statute to award benefits, the court finds an award of benefits appropriate in light of the tortured procedural history of this case. A substantial amount of time has passed since Mills applied for benefits, and this case has been remanded for additional proceedings twice before. The Commissioner has had three opportunities over the past twelve years to develop the record. Remanding this case for further proceedings and additional evidence would serve no purpose.

Further, the court finds the ALJ's decision is not supported by substantial evidence. Rather, the court finds that substantial evidence in the record as a whole indicates Mills is disabled and the weight of the evidence indicates remand would only delay the receipt of benefits. Accordingly, in this case, the court finds that an outright award of benefits is appropriate.

## IV. CONCLUSION

Accordingly, for the aforementioned reasons, the Commissioner's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the Commissioner with

instructions to award Disability Insurance Benefits to Plaintiff. *See Melkonyan v. Sullivan*, 111 S.Ct. 2157 (1991).

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

February 20, 2018
Anderson, South Carolina